EDMUND F. WEBB, ADMINISTRATOR, in equity,

*vs.*

EDMUND A. FULLER and another.

Waldo.    Opinion April 11, 1891.

*Equity.    Statute of Limitations.    Practice.    R. S., c. 77, § 34.*

It is generally too late in a suit in equity to interpose a plea of limitations after the master's report is in, where the point was not taken on demurrer or in answer, although it is within the power of the court, in the furtherance of justice, to allow the plea in an extreme case at any time.

(See *Webb* v. *Fuller*, 77 Maine, 568.)

IN EQUITY.

On appeal, by defendants, from the decree of the presiding justice who heard the case upon the master's report. The appeal was declared to be frivolous and intended for delay, and the case was thereupon certified under R. S., c. 77, § 34, to the Chief Justice.

After a demurrer to the bill was overruled as appears in the former report of this case, *Webb* v. *Fuller*, 77 Maine, 568, where the opinion of the court states the nature of the complaint, issues of fact were submitted to a jury who found in favor of the plaintiff.

· Jasper Hutchings, Esq., was appointed master and he reported that the defendants were indebted to their mother's estate in the sum of $8188.41, with interest from March 20, 1878. The defendants filed the following exceptions to the report of the master :

"That said finding, is against law in this, that the transaction upon which said finding is based and the question whether the defendants are indebted to said Ann S. Fuller's estate on account of said transaction are not in issue in this suit under the pleadings.

"That said finding is against evidence and law in this, that the evidence is insufficient to warrant the finding that the defendants were ever indebted to said Ann S. Fuller on account of said transaction.

"That said finding is against law in this, that if defendants ever promised to pay said Ann S. Fuller, said sum or any sum

whatever on account of said transaction, the claim therefor is barred by the statute of limitations."

The presiding justice overruled the exceptions, and the defendants appealed.

*W. H. Fogler*, for defendants.

*Webb and Webb*, for plaintiff.

PETERS, C. J. This case was heard on demurrer (77 Maine, 568), afterwards presented on special issues to a jury, they rendering a verdict for the complainant which was sustained by the full court, then sent to a master who made a report, and lastly heard by a judge sitting in chancery, who filed a decree for the complainant. The respondents appealed from the decree, when, upon motion of the complainant the sitting judge declared such appeal to be frivolous and intended for delay, and certified the case to the court under the provision of R. S., ch. 77, § 34, in order that the pending questions may receive a speedy determination.

We have examined and considered all matters legitmately presented, and think that only a single position taken for the defense need be spoken of. The statute of limitations is relied on in defense of some of the items of claim allowed by the master. The point having been unnoticed on demurrer, and in the answers setting up a general defense to the bill, it comes too late at this stage of the case to be favored, although the court is not without power, in the furtherance of justice, to allow the plea, even as late as this, to be interposed.

The character of the case forbids our extending any such indulgence to the defendants, and the plea would be unavailing, if it were allowed to be made. Whilst the property sought to be recovered from the defendants was received by them more than six years before the complainant's intestate died, there having been no assertion of claim by her in her life-time, the jury found that it was gotten from her by undue influence, that she had not mental capacity to act in the matter for herself, and that she continued in such condition until she died. *Decree affirmed with costs.*

LIBBEY, EMERY, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred.